UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ISHIAH DOREST,

    Plaintiff,

vs.

BURGERFI INTERNATIONAL, LLC,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, ISHIAH DOREST, (hereinafter "DOREST" or "PLAINTIFF"), by and through the undersigned counsel, and pursuant to Rule 2, Federal Rules of Civil Procedure, Files this Complaint against Defendant, BURGERFI INTERNATIONAL, LLC, (hereinafter "BURGERFI" or "DEFENDANT"), and in support avers as follows:

## INTRODUCTION

1. This is an action by the Plaintiff, ISHIAH DOREST, for declaratory and injunctive relief and damages under 42 U.S.C. §1981, (Civil Rights Act of 1866), to redress injury done to her by the Defendant's discriminatory treatment on the basis of Race and Color.

2. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this Court.

[Intentionally Left Blank]

## JURISDICTION PARTIES AND VENUE

3. This Court has jurisdiction over Plaintiff's 42 U.S.C. §1981 claims pursuant to 28 U.S.C. §1331, §1343, and §1367. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866).

4. The venue of this action is properly placed in the Southern District of Florida, pursuant to 28 U.S.C. §1391(b), because the events/employment practices hereafter alleged to be unlawful were committed in Broward County within the jurisdiction of this Honorable Court.

5. At all times material, Plaintiff was employed by Defendant and the parties had a contractual relationship with each other.

6. Plaintiff is a resident of Broward County, Florida and continues to reside in Broward County, and resided in said County during the time of her employment with the Defendant, within the jurisdiction of this Honorable Court.

7. Plaintiff is a Black individual and is a member of a class of persons protected from discrimination in her employment under 42 U.S.C. §1981.

8. Defendant is a Foreign for Profit Corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant on or about January 16, 2020, as a sales associate/cashier.

10. At all times material Plaintiff's work had been exemplary and she had proven herself an exceptional and professional employee. Plaintiff performed her job well.

11. Throughout Plaintiff's employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times she performed her job at

satisfactory or above-satisfactory levels. Any reason proffered by her employer for the adverse employment actions is mere pretext for unlawful discrimination. Plaintiff was a qualified employee at all times material.

12. During the relevant time period, Plaintiff was subjected to different terms and conditions of employment because of her Race and Color.

13. Plaintiff was assigned tasks, responsibilities, and duties outside of her employment position by her supervisor Dante Riveroso, (White Hispanic). Other Hispanic employees were treated more favorably than Plaintiff and not given tasks or duties outside of their position, or title.

14. Plaintiff was increasingly scrutinized because of her Race and Color, and Defendant's Hispanic employees were not scrutinized as to their employment duties.

15. Employer's principle and/or agent who made decision to terminate Plaintiff had knowledge of Plaintiff's protected activity.

16. Plaintiff was terminated on or about October 2, 2020, as a result of her complaints and opposition to Defendant's discriminatory treatment of Black employees.

17. The adverse employment action was motivated by Plaintiff's protected activity and/or complaints regarding discrimination.

18. As a direct and proximate result of Employer, and each of their, discriminatory actions as alleged herein, Plaintiff has suffered, and continues to suffer damages, the exact amount of which will be proven at trial.

19. As a proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer

severe and lasting humiliation, embarrassment, mental anguish, and other incidental and consequential damages and expenses, which all caused Plaintiff damage in an amount according to proof at trial.

## COUNT I
### *DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

21. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

22. At all times material hereto, Plaintiff, was an "employee" within the meaning of 42 U.S.C. §1981.

23. The Plaintiff is a member of a class protected under 42 U.S.C. §1981, as a result of her Race, Black.

24. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

25. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

26. Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

27. Defendant crafted and implemented a plan to eventually terminate Plaintiff based upon her race.

28. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her race.

29. Plaintiff was replaced by another person outside of her protected class thereafter.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant, and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

31. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

32. The actions of the Defendant were based upon the Plaintiff being a black individual. The Defendant subjected the Plaintiff to race based animosity.

33. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

34. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff.  The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black individuals.

35. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

36. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

37. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

38. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that her psychological well-being was seriously affected.

39. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

40. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

41. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

42. The Plaintiff has retained undersigned counsel to prosecute her claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

   A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

   B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C. Award Plaintiff as to this count prejudgment interest; and

    D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    F. Plaintiff demands a trial by jury.

## COUNT II
### *DISCRIMINATION BASED ON COLOR IN VIOLATION OF 42 U.S.C. § 1981*

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

44. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

45. At all times material hereto, Plaintiff, was an "employee" within the meaning of 42 U.S.C. §1981.

46. The Plaintiff is a member of a class protected under 42 U.S.C. §1981, as a result of her Color, Black.

47. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

48. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

49. Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

50. Defendant crafted and implemented a plan to eventually terminate Plaintiff based upon her Color.

51. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her Color. Plaintiff was terminated as a result of her Color, Black.

52. Plaintiff was replaced by another person outside of her protected class thereafter.

53. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant, and its supervisory personnel were aware that discrimination on the basis of Color was unlawful but acted in reckless disregard of the law.

54. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

55. The actions of the Defendant were based upon the Plaintiff's Color, being a Black individual. The Defendant subjected the Plaintiff to Color based animosity.

56. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

57. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff.  The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments.

58. The discrimination was based upon the Plaintiff's Color, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

59. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

60. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

61. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that her psychological well-being was seriously affected when the work-place became hostile.

62. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

63. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

64. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

65. The Plaintiff has retained undersigned counsel to prosecute her claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

    B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C. Award Plaintiff as to this count prejudgment interest; and

    D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

    E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    F. Plaintiff demands a trial by jury.

## COUNT III
### *RETALIATION IN VIOLATION OF 42 U.S.C. §1981*

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

67. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981. But for Plaintiff's Race Defendant would not have terminated Plaintiff. But for Plaintiff's Race and Color, Defendant would not have terminated Plaintiff.

68. But for Plaintiff's complaints of discrimination and opposition to the treatment she would not have been terminated.

69. The Plaintiff engaged in multiple statutorily protected activities, (e.g. Plaintiff on more than one occasion objected to and opposed discriminatory treatment, rejected and opposed her termination, and complained of being treated disparately from White/Hispanic employees.

70. Plaintiff's termination constitutes an adverse employment action.

71. There is a causal connection between Plaintiff's multiple protected expressions/activities, and the suffered adverse employment action, Plaintiff's termination on or about October of 2020.

72. The Defendant and agents thereof, Retaliated against the Plaintiff by firing the Plaintiff as a result of the Plaintiff engaging in protected activities.

73. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Race and Color was unlawful but acted in reckless disregard of the law.

74. As a result of Defendant's actions, as alleged herein, Plaintiff has been (1) deprived of rights, (2) exposed to ridicule and embarrassment, and (3) has suffered emotional distress and damage.

75. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

76. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

77. Plaintiff has suffered and will continue to suffer both irreparable injury and

compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

F. Plaintiff demands a trial by jury.

78. Plaintiff demands trial by jury for all issues so triable.

Dated: July 17, 2023                                Respectfully submitted,

                                                                                     */s/   Anthony M. Georges-Pierre*
Jorge L. Costa
Florida Bar No.: 1031513
JCosta@rgph.law
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 533637
agp@rgph.law
**REMER, GEORGES-PIERRE**
**& HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Phone: (305) 416-5000
*Counsel for Plaintiff*

12